NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID FLORENCE, Plaintiff-Appellant, v. S. KERNAN, Secretary of CDCR; R. M. DIAZ, Under Secretary; K. J. POGUE, Under Secretary; K. ALLISON, Director of CDCR; B. KIBLER, Chief Deputy Warden, Defendants-Appellees. | No. 22-15012 D.C. No. 1:19-cv-00331-DAD-BAM MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted October 10, 2023[**]

Before:     S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

California state prisoner David Florence appeals pro se from the district

court's judgment dismissing for failure to state a claim his 42 U.S.C. § 1983 action

alleging claims under the First and Eighth Amendments.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Florence's action because Florence failed to allege facts sufficient to state any plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (requirements for an Eighth Amendment violation in the prison context); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (requirements for establishing liability on the basis of custom or policy); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (requirements for a First Amendment retaliation claim in the prison context).

Because Florence's claims in this action and a prior action arose from separate occurrences and were therefore unrelated, we reject as meritless Florence's contention that he should have been allowed to proceed on all of his claims in the same action.

**AFFIRMED.**

22-15012